UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
CARMELITA GORDON

                    Plaintiff,

          -against-

SOUTHWEST CREDIT SYSTEMS, L.P.

                    Defendant.
-------------------------------------------------------

ECF CASE

NOV 17 2004

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Carmelita Gordon seeks redress for the illegal practices of Southwest Credit Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to T-Mobile.

4. Upon information and belief, defendant is a foreign corporation with its principal place of business is located in Plano, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Carmelita Gordon*

9. On information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On information and belief, on or about September 9, 2004 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter is the initial letter the plaintiff received from the defendant.

12. Demand is hereby made upon you for payment, of the total sum, past due, shown on statement made a part of this Notice. You are hereby notified that, in the event this Notice is not honored, further action will be recommended to enforce payment. We prefer that just debts be resolved in an amicable manner, without further action, whenever possible."

13. The said letter is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in falsely threatening and deceptive practices.

- (C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of defendant.
- (D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
- (E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

19. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

20. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

21. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

22. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

23. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

24. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

      (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 3, 2004

Adam J. Fishbein (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

Suite 100  
Plano, TX 75093-4638  
ADDRESS SERVICE REQUESTED

**Creditor's Statement**

09-09-04  
T MOBILE  
$434.38

7988108 - 312940542  
(800) 462-3892

#BWNCPPZ  
#798810804319#  
GORDON CARMELITA  
980 TRINITY AVE APT 6B  
BRONX NY  10456-6930

**Notice**

This creditor asserts that this is a true and correct balance and demands full payment.

Demand is hereby made upon you for payment, of the total sum, past due, shown on statement made a part of this Notice. You are hereby notified that, in the event this Notice is not honored, further action will be recommended to enforce payment. We prefer that just debts be resolved in an amicable manner, without further action, whenever possible.

**IMPORTANT LEGAL NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

To insure proper credit to your account, send payment in the enclosed envelope.

**This is an attempt to collect a consumer debt by a debt collector. Any information obtained will be used for that purpose.**

*** PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT ***

PD1

entlemen:

he amount of $_____ in payment of the above claim, is enclosed. See at I am given proper credit. You may return bottom portion of this notice ong with payment in the enclosed envelope.

| | |
|---|---|
| Date: | 09-09-04 |
| Creditor: | T MOBILE |
| Amt. Due: | $434.38 |
| Acct. No.: | 7988108 - 312940542 |
| Telephone: | (800) 462-3892 |

7988108 - 312940542  
#BWNCPPZ  
#798810804319#  
GORDON CARMELITA  
980 TRINITY AVE APT 6B  
BRONX NY  10456-6930

Southwest Credit Systems, L.P.  
5910 W Plano Parkway  
Suite 100  
Plano, TX 75093-4638

(QESP)40:T040:009578:001:1000:04253:PL22:SWCS006:01:

SWCS 006 PD1